1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daisy Bueno, individually and as guardian ad litem of S.B., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>Bass Lake Joint Union Elementary School District,<br><br>Defendant. | CASE NO.: 1:21-cv-00436-HBK<br><br>ORDER GRANTING MOTION TO APPOINT *GUARDIAN AD LITEM* FOR MINOR PLAINTIFF S.B.<br><br>Doc. No. 2. |

Pending before the Court is Plaintiffs' Complaint asserting causes of action under Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and for attorney's fees pursuant to 20 U.S.C. § 1415, against Defendant Bass Lake Joint Union Elementary School, filed on March 16, 2021. (Doc. No. 1). Plaintiff S.B., a minor child, accompanied the Complaint with a motion seeking appointment of his mother, Daisy Bueno, as his *guardian ad litem*. (Doc. No. 2).

Federal Rule of Civil Procedure 17 provides for a representative of a minor to sue or defend on a minor's behalf. Fed. R. Civ. P. 17(c). This requires the court to take whatever measures it

deems appropriate to protect the interests of the individual during the litigation. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the *guardian ad litem* is more than a mere formality. *Id.* The "*guardian ad litem* is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *Id.* The "*guardian ad litem* need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted). The *guardian ad litem* cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise," along with the previous relationship with the ward. 143 F.Supp.3d at 1054 (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla*.), aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as *guardian ad litem*, there are situations where the best interests of the minor and the interests of the parent conflict. *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672 at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as *guardian ad litem* for the child. *Id.*

The court has considered the application of Daisy Bueno for appointment as *guardian ad litem* for S.B. Daisy Bueno is a party to the instant action, suing individually, along with S.B., concerning issues S.B. has allegedly encountered with provision of education and resources. According to the Complaint, S.B. has a diagnosis of Trisomy-5p, a rare genetic disorder. Doc. Nos. 1 at 3; 1-1. Among other medical complications, S.B. has a seizure disorder, developmental delays, intellectual disability, and as of late, will require a breathing tube. *Id*. at 6-7. Daisy Bueno is the natural mother of the minor Plaintiff S.B. Upon review of the pleadings, the court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the minor.

Accordingly, it is **ORDERED**:

1. Plaintiff S.B.'s "Petition for *Guardian ad Litem*" is **GRANTED**; and
2. Daisy Bueno is appointed as Plaintiff S.B.'s *guardian ad litem*.

IT IS SO ORDERED.

Dated:   March 18, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE