UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY BUENO, individually and as guardian ad litem for S.B., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BASS LAKES SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:21-cv-00436-JLT-HBK<br><br>ORDER GRANTING JOINT MOTION TO STAY AND DIRECTING CLERK TO ENTER STAY OF ENTIRE ACTION<br><br>(Doc. No. 74) |

On December 17, 2024, the Court held a telephonic status conference at the request of the Parties. (Doc. Nos. 71-73). The Parties advised that the five non-party depositions have been concluded and all non-expert discovery has been completed. The Parties requested a stay and/or further extensions to the remaining deadlines in the Case Management Scheduling Order so that the Parties could participate in private mediation. Both Plaintiff and Bass Lakes School District stated on the record their willingness to participate in good faith in private mediation and their belief that a second mediation[1] may prove successful to a resolution of this matter.

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). As a rule, "stays

---

[1] The Parties previously participated in the Court's VDRP, which resulted in a resolution of the pending motion for attorney fees but otherwise resulted in an impasse. (Doc. No. 63).

should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The Court finds in its discretion that a stay of this action is appropriate and will stay this action so that the Parties may direct their resources and attention to private mediation.

Accordingly, it is **ORDERED**:

1. The Parties' joint motion to stay or continue the deadlines in the Case Management Scheduling Order (Doc. No. 74) is GRANTED to the extent the Court STAYS this action **until March 31, 2025**.

2. Within **seven (7) days** of the mediation's conclusion or no later than March 31, 2025, the Parties shall file a "Joint Post Mediation Status Report" regarding the result of the mediation.

3. The substance of the mediation is confidential, and no party, lawyer, or other participant may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

4. If the Parties reach a settlement at the mediation, a notice of settlement shall promptly be filed with the Court.  *See* Local Rule 160(a).  Dispositional documents are due **no more than twenty-one (21) days** from the filing of the notification, absent good cause.  *See* Local Rule 160(b).

5. If the case does not settle, then the Parties shall include in their Joint Post Mediation Status Report proposed deadlines for expert discovery, dispositive motions, pretrial and trial dates.

Dated:   December 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE