UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY BUENO, individually and as guardian ad litem for S.B., a minor,<br><br>Plaintiff,<br><br>BASS LAKE JOINT UNION ELEMENTARY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:21-cv-00436-HBK<br><br>ORDER GRANTING JOINT PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. No. 88) |

Before the Court is a Joint Petition for Approval of Minor's Compromise filed by minor Plaintiff S.B., by and through her mother and guardian ad litem Daisy Bueno ("Plaintiff") and Bass Lake Joint Union Elementary School District ("Defendant").[1] (Doc. No. 88, "Petition"). Having considered the unopposed petition, the terms of the settlement, and the record in this matter, the Court grants the Petition.[2]

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 91).

[2] Because Defendant filed no opposition and the memorandum in support of the petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

**I.    BACKGROUND**

On March 16, 2021, minor Plaintiff S.B., by and through her mother and guardian ad litem Daisy Bueno, filed a Complaint alleging (1) violation of Plaintiff's rights under § 504 of the Rehabilitation Act of 1973 for denying her meaningful and equal access to educational services and failing to provide her with the reasonable accommodations she required; and (2) discrimination against Plaintiff in violation of Title II of the Americans with Disabilities Act of 1990 for failing to provide its services, programs, and activities she required to benefit from her education.  (*See* Doc. No. 1 at 8-10; *see also* Doc. No. 85 at 7-9 (same allegations in First Amended Complaint)).  On March 19, 2021, the Court appointed Daisy Bueno as S.B.'s guardian ad litem.  (Doc. No. 6).

On August 15, 2023, the parties completed voluntary dispute resolution, but the action was not entirely resolved.  (Doc. No. 63 (noting previous motion for attorney's fees and costs was resolved)).  On April 24, 2025, the parties participated in private mediation and reached a global settlement.  (Doc. No. 79; Doc. No. 88-1 ("Settlement Agreement")).  On July 17, 2025, after conferring with Defendant and showing good cause to amend the Complaint (Doc. No. 84), Plaintiff filed a First Amended Complaint to remove allegations related to S.B.'s throat collapsing.  (Doc. No. 85).  The parties filed the instant joint petition for approval of minor's compromise on September 12, 2025.  (Doc. No. 88).

**II.    APPLICABLE LAW**

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."  L.R. 202(b).  The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected.  Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or

2

> other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### III.    ANALYSIS

The petition for approval of the settlement on behalf of the minor S.B. sets forth the information required by Local Rule 202(b)(2). Plaintiff S.B. is a female minor, presently nine years old, residing in Bass Lake located within Madera County, California. (Doc. No. 88 at 2). S.B. is a medically fragile student with a rare genetic disorder called Trisomy 5p, which results in characteristics including, but not limited to, seizure disorder, very low muscle tone, global developmental delays, and intellectual disability. (Doc. No. 85 at 3-4). She also has chronic lung

disease, uses a ventilator/bipap when she sleeps, and is severely orthopedically impaired so she cannot sit up without assistance or support. (*Id*. at 4).

S.B. is a special education student with exceptional needs within the meaning of that term under California Education Code § 56026, and S.B. is an individual with mental impairments that substantially limit many major life activities within the meaning of 34 C.F.R. § 104.3(j). (Doc. No. 85 at 2). Defendant Bass Lake Joint Union Elementary School District is a public entity duly incorporated and operating under California law as a school district; and is a recipient of federal financial assistance subject to the requirements of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. (*Id*.).

As set forth in the First Amended Complaint ("FAC"), Plaintiff, by and through her guardian ad litem Daisy Bueno, filed a federal civil rights action asserting violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. for discriminating against Plaintiff by failing to provide equal access to educational services, and violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. for denial of meaningful access to educational service and failure to provide Plaintiff with reasonable accommodations. (*Id*. at 7-9; Doc. No. 88 at 2). Defendant denies any wrongdoing and asserts affirmative defenses including failure to state a claim, waiver, estoppel, unclean hands, failure to mitigate, failure to do equity, misrepresentation, good faith, lack of discrimination, no damages, no discriminatory intent, no intentional discrimination, no proximate cause, contributory negligence, mitigation of damages, and immunities. (Doc. No. 88 at 2-3; Doc. No. 86).

The gravamen of the FAC is that since November 2019, S.B. has not received most of the services outlined in her Individualized Education Plain ("IEP") including in-home instruction, physical therapy and positional equipment, and nursing services. (*Id*. at 5-6). As a result, Ms. Bueno was forced to provide 24/7 care to S.B., and S.B.'s orthopedic impairments have regressed. (*Id*. at 6). S.B. lives in the rural area Bass Lake, "where it has been challenging to locate service providers based on her complex presentation and requirement for services in her home." (Doc. No. 88 at 3-4). Thus, Ms. Bueno attests that she plans to relocate S.B. to a locality where she can continue to receive the support and services outlined in the IEP and "create a better

program with private providers." (Doc. No. 88-2 at 2).

**A . Terms of Settlement**

The total gross settlement in this case is $925,000, to be disbursed in the amount of $555,000 for the first payment, followed by $92,500 paid on July 1 of each year for the next four fiscal years after the first payment.[3] (Doc. No. 88 at 4-5; Doc. No. 88-1 at 3 ¶ 3). Each payment will be placed in Plaintiff's Counsel's client trust account, and after taking out attorney fees and costs over the course of the same four fiscal years, as discussed below, the funds will be placed in Plaintiff S.B.'s special needs trust. (Doc. No. 88 at 5; Doc. No. 88-1 at 3 ¶ 3). Thus, after payment of attorney's fees and costs, S.B.'s total net recovery is approximately $725,000 minus costs associated with the establishment and maintenance of the special needs trust. (Doc. No. 88 at 6). Plaintiff's Counsel will retain a trust attorney and use a portion of the settlement amount to establish a special needs trust, which will cost an estimated six thousand dollars ($6,000). (*Id*. at 5; Doc. No. 88-1 at 4 ¶ 3.3).

Once approved, the Settlement Agreement will fully, finally, and forever settle any and all known and unknown disputes, causes of action, and/or claims between S.B. and Defendant that were raised or could have been raised up to the date this Court approves the Agreement. (Doc. No. 88 at 4; Doc. No. 88-1 at 8 ¶ 6). As attested to by Ms. Bueno, the Settlement Agreement also includes a prospective waiver of educational claims against Defendant, and S.B. will be considered a privately placed student who is not eligible to receive a free and appropriate public education from Defendant through the remainder of her time in the district. (Doc. No. 88 at 4; Doc. No. 88-1 at 6; Doc. No. 88-2 at 2). The Parties have executed the Agreement.[4] (Doc. No. 88-1 at 12).

---

[3] As indicated in the joint petition for approval of minor's compromise, the "Parties arrived at a structured payment plan to alleviate the financial impact the settlement has on [Defendant] which is a very small school district." (Doc. No. 88 at 5).

[4] Per the joint Petition, the Settlement is contingent on four conditions for full execution: "a. Approval of the Settlement Agreement by the District's Governing Board. This condition has not been met. The District's Governing Board is anticipated to consider this Agreement at a special board meeting, to be scheduled between September 11, 2025 and September 20, 2025. b. Approval of the Settlement Agreement by the California Risk Management Authority ("CRMA Board"). This condition has been met. c. Approval of the Settlement Agreement by the United States District Court of California. This condition

5

**B. Special Needs Trust**

As indicated in the Petition, the Settlement Agreement provides for immediate cash payments to S.B. through a special needs trust under 42 U.S.C. § 1396p(d)(4)(A) and California Probate Code § 3600, *et seq.* (Doc. No. 88 at 6). California Probate Code § 3604(b) provides that a special needs trust may be established only if the Court determines all the following:

> (1) [t]hat the minor or person with a disability has a disability that substantially impairs the individual's ability to provide for the individual's own care or custody and constitutes a substantial handicap;
>
> (2) [t]hat the minor or person with a disability is likely to have special needs that will not be met without the trust; and
>
> (3) [t]hat money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet the special needs of the minor or person with a disability.

Cal. Prob. Code § 3604(b)(1)-(3).

The parties submit the requirement of Section (b)(1) is met because S.B. is a disabled non-verbal medically fragile minor with a rare genetic disorder that severely impacts all aspects of development, including but not limited to, communication, socialization, adaptive functioning, mobility, academics, sensory processing, and behavior. (Doc. No. 88 at 6-7; Doc. No. 88-2 at 2 ¶3).

As to Section (b)(2), the parties submit S.B. is likely to have special needs that will not be met without the special needs trust. Placement of funds in a special needs trust will ensure S.B. remains eligible for public assistance programs, which benefits are vital to S.B.'s continued support, safety, and personal well-being. Additionally, these essential needs include personal care assistance, independent living services, medical services, and other palliative care, none of which would be met or available without the protection offered by a special needs trust. (Doc. No. 88 at 7).

As to Section (b)(3), the parties submit that the money to be paid to the trust does not

---

is pending. d. Execution of the Settlement Agreement by all Parties. This condition has been met." (Doc. No. 88 at 4).

exceed the amount that appears to be reasonably necessary to meet the special needs of S.B. (*Id*.).

The Court finds the parties have met the requirements for the establishment of a special needs trust pursuant to California Probate Code § 3604(b).[5]

### C. Proposed Attorney Fees and Costs

Plaintiff is represented by Daniel R. Shaw of Snyder & Shaw LLP. (Doc. No. 88 at 1). Regarding disclosure of attorney's interests pursuant to Local Rule 202(c), Plaintiff's counsel represents to the Court that he was retained by Daisy Bueno to represent her disabled minor child S.B., he did not become involved in this matter at the request of any party against whom the cause of action is asserted, and he has no relationship with Defendant. (*Id*. at 2). Plaintiff's counsel attests that his retainer agreement entitled him to take attorney's fees and costs or a percentage of the net recovery, and he elected to take disbursements at each stage of the payment plan discussed *supra*, which is smaller than if he took a percentage at this stage of litigation. (*Id*. at 2). To wit, out of S.B.'s first share of settlement proceeds of $555,000 he will take $50,000 in attorney fees and costs, followed by taking $37,500 out of each payment of $92,500 paid to S.B. on July 1 for the next four fiscal years. (*Id*. at 5). Plaintiff's counsel further attests he reduced the total attorney's fees and costs at the time of submitting the instant Petition from over $215,000 down to $200,000. (*Id*. at 5-6). "Plaintiff's attorneys also agreed to a structed payment plan with respect to attorneys' fees and cost[s] to maximize the initial payment to S.B.'s special needs trust." (Doc. No. 88 at 5).

In consideration of the course of litigation, the facts of the case, and the total settlement amount, the Court finds the attorney fees and costs awarded to be fair and reasonable.

### D. Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable. *See Robidoux*, 638 F.3d at 1181; *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of minor's claims to assure itself that the minor's

---

[5] The Parties further submit that the special needs trust will "fully comply" with California Rule of Court, Rule 7.903. (Doc. No. 88 at 7-8).

7

1 | interests are protected" even if the settlement is recommended by the minor's parent or guardian
2 | ad litem).
3 |      Here, the uncontested Petition attempted to identify similar actions to support approval of
4 | the minor's compromise, although the parties indicated they had difficulty locating settlements
5 | that contained similar facts.  (Doc. No. 88 at 8).  After review of the actions identified by the
6 | parties, and the Court's independent review of similar actions in this district, the Court finds the
7 | recovery is appropriate considering the amounts received in other actions, albeit notably higher
8 | than the cited cases.  *See, e.g., Becker v. Long Beach Unified School District*, 2:20-mc-00098-
9 | DMG-E (C.D. Cal. Oct. 20, 2022) (approving structured settlement with yearly payment of
10 | $140,000 so long as the student remained the responsibility of the school district, with the total
11 | net proceeds possibly equaling approximately $550,000); *G.C. By & Through Clark v. San Diego*
12 | *Unified Sch. Dist*., 2021 WL 3630112, at *2–3 (S.D. Cal. Aug. 17, 2021*), report and*
13 | *recommendation adopted sub nom*. 2021 WL 4060534 (S.D. Cal. Sept. 3, 2021) (approving total
14 | settlement of $108,500, and $89,000 after attorney's fees, in case asserting failure to implement
15 | an IEP during distance learning); *A.A. on behalf of A.A. v. Clovis Unified Sch. Dist*., 2018 WL
16 | 1167927, at *3-4 (E.D. Cal. Mar. 6, 2018), *report and recommendation adopted sub nom*., 2018
17 | WL 1453243 (E.D. Cal. Mar. 23, 2018) (approving settlement where $63,200 would be deposited
18 | into a special needs trust, and an additional $10,000 in settlement funds would be dedicated to
19 | trust administration).
20 |      Critical here, the proposed settlement settles not only the existing claim but also includes a
21 | prospective waiver of educational claims against Defendant.  Based on the information provided
22 | in the Petition, the supporting documents, and considering the totality of the facts and
23 | circumstances of this case, the Court finds the settlement serves the best interests of the minor
24 | Plaintiff S.B. and is fair and reasonable.
25 |      Accordingly, it is hereby **ORDERED**:
26 |      1.  The Joint Petition for Approval of Minor's Compromise (Doc. No. 88) is **GRANTED**;
27 |      2.  Within in forty-five (45) days of the date of this Order, Defendant will issue a check in
28 |

the amount of $555,000 to be deposited into Snyder & Shaw LLP's client trust account;[6]

3. In the next four fiscal years following the first payment, Defendant shall pay $92,500 per year to Snyder & Shaw LLP. The four subsequent payments after the initial deposit will be made on July 1 of each respective fiscal year (i.e. July 1, 2026; July 1, 2027; July 1, 2028; and July 1, 2029).

4. Each payment will be made to Snyder & Shaw LLP, who will place the funds in its client trust account, take out attorney's fees and costs, and send the remaining funds to S.B.'s special needs trust.

5. Snyder & Shaw LLP shall receive the following structured payments with respect to attorney's fees and costs:

    a. First payment of $555,000. An amount of $50,000 will be taken out for attorney's fees and costs.

    b. Second payment of $92,500. An amount of $37,500 will be taken out for attorney's fees and costs.

    c. Third payment of $92,500. An amount of $37,500 will be taken out for attorney's fees and costs.

    d. Fourth payment of $92,500. An amount of $37,500 will be taken out for attorney's fees and costs.

    e. Fifth payment of $92,500. An amount of $37,500 will be taken out for attorney's fees and costs.

6. Snyder & Shaw LLP will use a portion of the settlement funds to pay an estate planning attorney to setup a special needs trust. Once the trust is established, Snyder & Shaw LLP will deposit the remaining funds in the special needs trust pursuant to 42 U.S.C. § 1396p(d)(4)(A) and California Probate Code § 3600, et seq.

---

[6] The Court presumes the Settlement Agreement was approved by the District's Governing Board since the . District's Governing Board was anticipated to consider this Agreement at a special board meeting, to be scheduled between September 11, 2025 and September 20, 2025, and the Court has not otherwise been advised that it was rejected.

7. The Court will retain jurisdiction over the enforcement of the Settlement Agreement.

8. No later than **ten (10) days** after the initial settlement payment is tendered, the parties are **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice.

Dated:  October 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE